EASTERN DIS.
*April*, 1834.

LALANDE
*vs.*
JENFREAU.

*Of all questions, there is perhaps none on which the verdict of a jury is entitled to more weight, than that which relates to the value of waste land in the parish.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

---

## LALANDE *vs.* JENFREAU.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

The circumstance that an award of amicable compounders has been made, which, by agreement of the parties, was to be final and become the judgment of the court, does not authorise the dismissal of the appeal.

This action was brought to settle a co-partnership. The plaintiff avers that by an act passed before Felix de Armas, notary public, on the 21st day of December, 1830, the plaintiff and Augustine Jenfreau formed a co-partnership for the purpose of refining sugar, and making the same into loaves.

That by the terms of said agreement of partnership, the same was to expire on the 1st of August, 1831, but that at the expiration thereof, the same was by mutual consent continued until the 10th of May, 1832.

That by just settlement of the affairs of said partnership, the same would be indebted to the plaintiff for advances made, expenses paid, sugars purchased and other charges, in a balance of two thousand eight hundred eighty-six dollars and seventy-one cents.

The general issue was pleaded.

It was agreed by the parties " to refer this case to two distinct referees, one to be chosen by each of us, as said referees to act as amicable compounders, and their award to be final as to all matters of difference between us, and to be entered up as the judgment of the court in said suit; whose award shall in that suit be binding."

" It is further agreed that said referees are to have access to all the books, papers and accounts relating to the subject matter, and to hear testimony of the whole without any judicial formality whatever, and that each party shall furnish his accounts and evidence at such time and place as the referees shall designate, or in default thereof, the said referee shall proceed to determine the matters referred to them *ex parte.*"

The referess reported the defendant indebted to the plaintiff in the sum of one thousand five hundred eighty-eight dollars and seventy cents. The homologation of this report was opposed on several grounds, in support of which, the record shows no proof adduced.

The award was homologated, and judgment rendered in pursuance of it.

The defendant appealed.

*Conrad*, for plaintiff and appellee, contended:

1. That the appeal should be dismissed with costs and damages. This court cannot examine the merits of the case, inasmuch as by the agreement of the parties, the award of the arbitrators was final, and became the judgment of the court.

2. If this exception be overruled, then the plaintiff avers there is no error in the judgment appealed from, and it should be confirmed with costs, except inasmuch as it condemns the plaintiff to pay costs; and he prays for damages as on a frivolous appeal.

3. The court clearly erred in condemning the plaintiff to pay costs. The award of the arbitrators, which, by agreement, was to be the judgment of the court, is silent on the subject of the costs, and finds a balance for the plaintiff; of course the defendant should pay costs. *Code of Practice,* art. 549.

4. The appeal was evidently for delay, only. See the points filed by the defendant in opposition to the homologation of the award, and the total absence of any ground for a reversal.

*Soulé, contra.*

MARTIN, J., delivered the opinion of the court.

The plaintiff and appellee has prayed that the appeal be dismissed with costs and damages, because this court cannot examine the merits of the case, inasmuch as by the agreement of the parties, the award was final, and to be the judgment of the court.

This is not, in our opinion, a ground of dismissal, because on the return of the award, either of the parties might have filed exceptions thereto, as if it was not made within the legal period, &c.

The answer to the appeal, prays that the judgment be annulled, so as to reverse that part of it which charges the plaintiff with costs.

The record shows that on the service of a rule on the defendant to show cause why the award should not be homologated, the defendant filed exceptions, charging misconduct and partial:iy in the arbitrators, which he in no way supported, and judgment was given according to the award, in favor of the plaintiff, who were ordered to pay costs.

It is apparent that this condemnation of the costs is illegal.

*The circumstance that an award of amicable compounders has been made, which, by agreement of the parties, was to be final and become the judgment of the court, does not authorise the dismissal of the appeal.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and that the plaintiff recover from the defendant the sum of one thousand five hundred eighty-eight dollars and seventy cents, with costs in both courts.